■ THOMAS W. FINUCANE CORPORATION; Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 39881.) — Judgment unanimously reversed on the law and facts and a new trial granted, without costs of this appeal to

either party. Memorandum: Reversal is required for several reasons. First, the award for direct damages was higher than any testimony as to damage given by anyone, including the testimony of the two experts for the claimant. The award for consequential damages was based, at least in part, on interference with direct access, which was incorrect. (*Selig* v. *State of New York*, 10 N Y 2d 34; *Northern Lights Shopping Center* v. *State of New York*, 20 A D 2d 415.) One of the experts for the claimant, in arriving at the amount of damage, considered, in addition to difficulty of access and lack of adequate parking, " change of grade, increased traffic, noise, and hazard, and change of locational characteristics ". Also involved in that expert's contentions were claims of loss relating to the highest and best use before and after the taking. These latter claims were involved and difficult and not satisfactorily established. It is obvious that the Trial Judge considered all of these as items of damage, although at least some of them are not compensable. (*Nettleton Co.* v. *State of New York*, 11 A D 2d 899.) (Appeal from judgment of Court of Claims for claimant for permanent appropriation of realty.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.